**Adopted: September 21, 2022 – As Written**

## ZONING BOARD OF ADJUSTMENT

## MINUTES

## AUGUST 17, 2022

A meeting of the Conway Zoning Board of Adjustment was held on Wednesday, August 17, 2022 at the Conway Town Office, 23 Main Street, in Conway, NH, beginning at 7:00 pm. Those present were: Chair, John Colbath; Vice Chair, Andrew Chalmers; Luigi Bartolomeo; Richard Pierce; Jonathan Hebert; Planning Director, Jamel Torres; and Planning Assistant, Holly Whitelaw. Alternate Jac Cuddy, and Jeremy Gibbs, Code Enforcement Officer/Assistant Building Inspector, were in attendance.

## PUBLIC HEARINGS

A public hearing was opened at 7:00 pm to consider a **SPECIAL EXCEPTION** requested by **JULIE BARKALOW/GAYLE LOCKE/DONALD LAFONTAINE/BRIAN LAFONTAINE** [FILE #22-15] in regards to §190-13.K(13) of the Conway Zoning Ordinance **to allow a mobile home as a residence of an immediate family member** at 1171 Eaton Road, Conway (PID 288-29). Notice was published in the Conway Daily Sun and certified notices were mailed to abutters on Friday, June 3, 2022. This hearing was continued from June 15 and July 20, 2022.

Mr. Torres stated that the applicant has withdrawn the application.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

A public hearing was opened at 7:05 pm to consider an **APPEAL FROM ADMINISTRATIVE DECISION** requested by **FOREVER YOUNG PROPERTIES, LLC/SEAN YOUNG** [FILE #22-22] in regards to §190-20.F.(3)(a) of the Conway Zoning Ordinance **to appeal the administrative decision that the art mural above the entrance is considered a sign** at 564 White Mountain Highway, Conway (PID 262-62). Notice was published in the Conway Daily Sun and certified notices were mailed to abutters on Thursday, August 4, 2022.

Sean Young appeared before the Board. Mr. Colbath read the application and the applicable section of the ordinance. Mr. Young stated he doesn't consider this to be a sign, it was never meant to be a sign, and we didn't ask for a sign. Mr. Young stated it is a mural, it is art work; the Kennett High School art department created it for them. Mr. Young stated it is a sun setting over the white mountains, and the problem is because their artistic interpretation the mountains are donuts and this is where the problem lies.

Mr. Colbath asked for Board comment; Mr. Bartolomeo read the definition of a sign [§190-31]. Mr. Bartolomeo stated Randy Cooper, a local attorney, has called this definition unconstitutionally vague; and he agrees with him. Mr. Bartolomeo stated it is a badly written code. Mr. Young stated according the Supreme Court commercial speech is an expression related solely to the economic interest of the speaker.

**Adopted:  September 21, 2022 – As Written**
**CONWAY ZONING BOARD OF ADJUSTMENT – AUGUST 17, 2022**

Mr. Chalmers stated historically this is something the Town has not allowed; the town has heard numerous times applicants wanting murals or window art that were determined to be signage.  Mr. Chalmers stated Randy Cooper's passionate plea was for the Mount Washington Observatory; the Board ruled in favor of it because it was not advertising what was inside the building.  Mr. Chalmers stated there was Joe Jones with the mountain bikes in the window, and there was a mural at Weston's Farm Stand.

Mr. Chalmers stated the first order of business is to determine whether or not the code enforcement officer made the correct call by considering it a sign.  There was a brief discussion regarding other artwork/murals throughout the Town.  Mr. Colbath stated it is a Zoning Ordinance that was enacted by the legislative body, which are the voters of the Town, and there is a process to change it if they don't like it.  Mr. Colbath stated this Board as well as staff has to follow the regulations that are in place.

Mr. Colbath stated if it is a mural and it represents what you're doing as a business then it fits the definition of a sign.  Mr. Young stated the Supreme Court argued against that.  Mr. Colbath stated the voters of the Town of Conway have voted in by ordinance what they say is a sign, and we follow that ordinance.

Mr. Gibbs stated if this Board grants them a variance and is then considered a sign, there is nothing stopping them from turning it into a Leavitt's Bakery sign later; not that they would, but they could.  Mr. Bartolomeo stated that is a real fair concern, and the Board could put a condition on the approval to prevent that from happening.

Mr. Hebert stated this Board is not a Planning Board, it is not about what we like or dislike; we have to balance does it fit the ordinance, that is all we have to go by.  Mr. Hebert stated they have to determine if the Town improperly denied based on the ordinance as it is today.  Mr. Colbath stated we have to work with what the voters have given us to work with.  Mr. Young stated he still does not believe this is a sign.  Mr. Colbath stated it fits the ordinance definition of a sign; it represents, in 95 square feet, the business that is within that building.  Mr. Hebert asked if the town's position was solely on the graphic of the donuts and the muffins.  Mr. Gibbs answered in the affirmative.

Mr. Colbath asked for public comment; Jac Cuddy, alternate on the ZBA, asked for the definition of a sign to be read again.  Mr. Bartolomeo read the definition of a sign [§190-31].  Mr. Cuddy stated he wants to talk about the attachment part of it, that is a wall, it is not a sign; it is not attached.  Mr. Cuddy stated it is part of the construction on the inside outside of the building.  Mr. Cuddy stated it is not an attachment, it is part of the constructed part of the building which has a mural painted on it.  Mr. Cuddy stated it is not a sign, dimensions don't matter, because it is part of a construction of a wall.

Shawn Foss stated he is not from Conway, but a longtime customer of Premier and Leavitt's, and coming from both directions the mural is not even visible until you are right on it; he doesn't see how it is advertising. Mr. Foss stated the gray area of a sign definition, he doesn't think something related to kids doing artwork is the time to be trying to define that.

Lisa Parent stated she used to manage the Mountain Valley Mall, so she is familiar with the sign regulations.  Ms. Parent stated Settler's Green has artwork on every building; they should be required to paint over their murals.  Ms. Parent stated this mural is not visible from either direction.  Ms. Parent stated there is an outstanding group of students that gave up their time to paint this thinking they were doing a good thing and then we shoot them down.

Kristin Groves stated her daughter is a freshman at Kennett High School and was really excited about her classmates' process as they worked on this; she even went the day they put it up to watch.  Ms. Groves stated she is not here to comment on whether this is a mural, a sign or something else entirely; she just wants it noted that the piece in question is a shining example of teachers, students and community members working in collaboration to bring beauty to the public and providing public showcase for artistic techniques that were learned in the classroom.

Julie Bufford stated she agrees with Ms. Groves, and as a former compliance officer she can appreciate the position that you all are in.  Ms. Bufford stated she agrees with Mr. Bartolomeo that there is a lot of room in that definition of a sign; whether it's the wall, the color or the images, there are so many issues that need to be addressed, and she hopes that we do change this regulation.  Ms. Bufford stated she hopes that a variance will be granted because everyone here knows this is a good thing.  Ms. Bufford stated we need to stand up for the good things, and she is here to support Leavitt's and support the kids with the artwork.

Ed Garrison stated if we are able to figure out a way to grant a variance for this piece it could create momentum for change; this could create a positive example for people.  Mr. Garrison stated it is really important to take this opportunity to show people that we can make change, and follow through, and we can have action which results in language we can understand.

Dan McDonald stated his daughter is one of the artists who painted the mural and she is devastated that her artwork is possibly going to be taken down.  Mr. McDonald asked under the definition of a sign, what is not a sign.

Kevin Carpenter, principal of Kennett High School, stated he is here to support the students and to support their artwork.  Mr. Carpenter stated he approved this project, and he approved a piece of artwork/mural; in no way was this a promotional type item, it was meant to be artwork and an opportunity for our students to create it and to work with the community.

Mr. Carpenter stated anything we can do to make sure this artwork stands, we support our kids and we further grow our relationships with the school and the valley.  Mr. Carpenter stated he hopes this can be looked at as a piece of art, he understands the language of the ordinance, but that was not the intent of the art students at all; we do hope the student's artwork stands.

Mr. Colbath closed public comment at 7:50 pm.

Mr. Bartolomeo asked Mr. Gibbs if he had received a complaint.  Mr. Gibbs answered in the negative and stated he saw a story in the Conway Daily Sun.

**Adopted:  September 21, 2022 – As Written**
**CONWAY ZONING BOARD OF ADJUSTMENT – AUGUST 17, 2022**

**Mr. Bartolomeo made a motion, seconded by Mr. Hebert, to uphold the decision of the Code Enforcement Officer.**  Mr. Colbath asked for Board comment; Mr. Bartolomeo stated he cannot fault Mr. Gibbs for enforcing, no matter how badly written it is, the code as he found it; he doesn't think he did anything wrong.  Mr. Pierce stated he concurs.  **Motion carried unanimously**.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

A public hearing was opened at 7:55 pm to consider a **VARIANCE** requested by **FOREVER YOUNG PROPERTIES, LLC/SEAN YOUNG** [FILE #22-23] in regards to §190-20.F.(3)(a) of the Conway Zoning Ordinance **to allow a 95 square foot wall sign** at 564 White Mountain Highway, Conway (PID 262-62).  Notice was published in the Conway Daily Sun and certified notices were mailed to abutters on Thursday, August 4, 2022.

Sean Young appeared before the Board.  Mr. Colbath read the application and the applicable section of the ordinance.  **Mr. Hebert made a motion, seconded by Mr. Chalmers, to continue the public hearing for Forever Young Properties, LLC/Sean Young until September 21, 2022 at 7:00 pm.  Motion carried unanimously.**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

A public hearing was opened at 8:05 pm to consider a **SPECIAL EXCEPTION** requested by **BLUEBIRD COMMUNITY DEVELOPMENT, LLC** [FILE #22-24] in regards to §190-18.B.(5)(c) of the Conway Zoning Ordinance **to allow 12 dwelling units per acre [construction of 5 residential dwelling units]** at 115 West Main Street, Conway (PID 277-189).  Notice was published in the Conway Daily Sun and certified notices were mailed to abutters on Thursday, August 4, 2022.

Kate Richardson of Bergeron Technical Services appeared before the Board.  Eliza Grant of Bluebird Community Development, LLC was in attendance.  Mr. Colbath read the application and the applicable section of the ordinance.

Ms. Richardson stated this parcel is 0.54 of an acre, which would allow 6.8 units and the applicant is asking for 5-units.  Ms. Richardson stated the deed restricted units will be located on the first floor; unit 2, which is 2-bedrooms at 1,000 square feet and unit 3, which is a studio at 425 square feet.  Ms. Richardson stated the lot has municipal water and sewer.

Mr. Colbath asked for Board comment; Mr. Colbath stated he grew up on West Main Street and he knows this house very well.  Mr. Colbath stated the original color of the house is called Frunzi Grey; the Frunzy family owned it and where the gun barrel shop is located was Frunzi Chevrolet.  Mr. Colbath stated where Burnie Quint has is offices now was Colbath Paint and Hardware and his mother personally created the tint dye of this paint with a color so it would be a unique grey for this house.  Mr. Colbath stated he is thankful someone is doing anything with this house, and keeping the architectural integrity in tact is wonderful.

Mr. Bartolomeo stated there looks like there are no changes in the footprint.  Ms. Richardson stated there would be no change in the footprint, but there could possibly be overhangs and there may be windows that have to be removed or added for secondary means of egress.

Mr. Bartolomeo asked how is the parking.  Ms. Richardson stated they will be requesting a substitute for parking using ITE and requesting 7 parking spaces.  Mr. Colbath asked if there will be any access to this property from the automotive property.  Ms. Richardson answered in the negative, and stated the driveway will be off Hobbs Street.

Mr. Colbath asked for public comment; Tom Eastman of the Conway Daily Sun asked how old is the building.  Ms. Richardson stated that the Conway tax cards indicate the 1800's.

Mr. Colbath read item 1.  **Mr. Hebert made a motion, seconded by Mr. Chalmers, that each structure must contain at least three dwelling units.**  Mr. Colbath asked for Board comment; there was none.  **Motion carried unanimously.**

Mr. Colbath read item 2.  **Mr. Hebert made a motion, seconded by Mr. Chalmers, that not less than 25% of all dwelling units shall be designated as full-time rental apartments. At the time of Planning Board approval, the units designated as full-time rental apartments must be shown on the plan with a condition that they are leased for twenty years from the date of Planning Board approval by the developer and a deed restriction shall be recorded in the Registry of Deeds as evidence of the same.**  Mr. Colbath asked for Board comment; there was none.  **Motion carried unanimously.**

Mr. Colbath read item 3.  **Mr. Hebert made a motion, seconded by Mr. Chalmers, that all lots must be serviced by municipal water and sewerage.**  Mr. Colbath asked for Board comment; there was none.  **Motion carried unanimously.**

Mr. Colbath read item 4.  **Mr. Hebert made a motion, seconded by Mr. Chalmers, that the Rental/Deed restricted units shall be a maximum of 1,000 square feet and a minimum of 300 square feet.**  Mr. Colbath asked for Board comment; there was none.  **Motion carried unanimously.**

Mr. Colbath read item 5.  **Mr. Hebert made a motion, seconded by Mr. Chalmers, that architectural design plans must be submitted to the Zoning Board of Adjustment at the time of application to ensure compliance with the zoning regulations.**  Mr. Colbath asked for Board comment; Mr. Bartolomeo stated since they are not adding to the footprint, the photographs are sufficient.  **Motion carried unanimously.**

**Mr. Hebert made a motion, seconded by Mr. Bartolomeo, that, based on the forgoing findings of fact, the Special Exception pursuant to §190-18.B.(5)(c) of the Town of Conway Zoning Ordinance to allow up to 12 dwelling units [construction of 5 residential dwelling units] be granted.  Motion carried unanimously.**

Adopted:  September 21, 2022 – As Written
**CONWAY ZONING BOARD OF ADJUSTMENT – AUGUST 17, 2022**

## REVIEW AND ACCEPTANCE OF MINUTES

**Mr. Hebert made a motion, seconded by Mr. Bartolomeo, to approve the Minutes of July 20, 2022 as written.  Motion carried unanimously.**

Meeting adjourned at 8:23 p.m.

Respectfully Submitted,


Holly L. Whitelaw
Planning Assistant