Adopted: September 27, 2006 – As Written

**CONWAY ZONING BOARD
OF ADJUSTMENT**

**MINUTES**

**AUGUST 23, 2006**

A meeting of the Conway Zoning Board of Adjustment was held on Wednesday, August 23, 2006 at the Conway Town Office in Center Conway, NH.  Those present were:  Chair, Phyllis Sherman; Vice Chair, John Colbath; Luigi Bartolomeo; Andrew Chalmers; Jeana Hale; Alternate, Hud Kellogg; Alternate, Sheila Duane; Planning Director, Thomas Irving; and Planning Assistant, Holly Meserve.

**PUBLIC HEARINGS**

A public hearing was opened at 7:35 pm to consider a **VARIANCE** requested by **KGI MOUNTAIN VALLEY MALL, LLC** in regard to §147.13.8.6.2 of the Conway Zoning Ordinance to allow relief from the size and quantity of wall signs at 32 Mountain Valley Boulevard, North Conway (PID 246-38).  Notice was published in the Conway Daily Sun and certified notices were mailed to abutters on July 19, 2006.  This application was continued from July 26, 2006.

Randy Cooper of Cooper, Deans and Cargill and Kevin Letch of KGI Properties, LLC appeared before the Board.  Mr. Cooper submitted and reviewed a revised table indicating the proposed signage locations and sizes.  Mr. Bartolomeo asked if there have been two eliminations and six reductions.  Mr. Cooper answered in the affirmative.  Ms. Sherman asked for public comment; there was none.

**Mr. Colbath made a motion, seconded by Ms. Hale, that an area variance is needed to enable the applicant's proposed use of the property given the special conditions of the property.**  Ms. Sherman asked for Board comment; there was none.  **Motion unanimously carried.**

**Mr. Colbath made a motion, seconded by Mr. Chalmers, that the benefit sought by the applicant cannot be achieved by some other method reasonably feasible for the applicant to pursue, other than an area variance**.  Ms. Sherman asked for Board comment; Mr. Bartolomeo stated that the applicant made great concessions here.  **Motion unanimously carried.**

**Mr. Colbath made a motion, seconded by Mr. Chalmers, that based on the findings of a and b above, denial of the variance would result in unnecessary hardship to the property owner seeking it.**  Ms. Sherman asked for Board comment; there was none.  **Motion unanimously carried.**

**Mr. Colbath made a motion, seconded by Mr. Chalmers, that there would not be a diminution in value of surrounding properties as a result of granting this variance.**  Ms. Sherman asked for Board comment; there was none.  **Motion unanimously carried.**

Adopted:  September 27, 2006 – As Written
**CONWAY ZONING BOARD OF ADJUSTMENT – AUGUST 23, 2006**

**Mr. Colbath made a motion, seconded by Mr. Chalmers, that the use contemplated by the petitioner as a result of obtaining this variance would not be contrary to the spirit and intent of the ordinance.**  Ms. Sherman asked for Board comment; there was none.  **Motion unanimously carried.**

**Mr. Colbath made a motion, seconded by Mr. Chalmers, that the granting of this variance will not be contrary the public interest.**  Ms. Sherman asked for Board comment; there was none.  **Motion unanimously carried.**

**Mr. Colbath made a motion, seconded by Mr. Chalmers, that by granting this variance, substantial justice would be done.**  Ms. Sherman asked for Board comment; there was none.  **Motion unanimously carried.**

**Mr. Colbath made a motion, seconded by Mr. Chalmers, that, based on the forgoing findings of fact, the variance from §147.13.8.6.2 of the Town of Conway Zoning Ordinance to allow relief from the size and quantity of wall signs be granted pursuant to the chart dated 08/22/06 under the column highlighted in green.  Motion unanimously carried.**

*************************************************************************

A public hearing was opened at 7:51 pm to consider an **APPEAL FROM ADMINISTRATIVE DECISION** requested by **36 KEARSARGE ROAD REALTY/ JOHN AND LINDA RAFFERTY/RAFFERTY'S RESTAURANT & PUB** in regard to §147.13.7.6.1.6 of the Conway Zoning Ordinance to allow a projecting sign at 36 Kearsarge Road, North Conway (PID 218-102).  Notice was published in the Conway Daily Sun and certified notices were mailed on Tuesday, August 15, 2006.

Linda Rafferty appeared before the Board. James Yeager, Conway Code Compliance Officer was in attendance.  Ms. Sherman read the application and the applicable section of the ordinance.  Ms. Rafferty stated that they are trying to gain more visibility from Route 16.  Mr. Yeager stated that the sign on the roof is a projecting sign as it has two sides to it and it faces both east and west.  Mr. Yeager stated that the applicant applied for was a second projecting sign, which he had to deny because it was not permitted in the ordinance.

Mr. Yeager stated that the applicant could have a wall sign facing south or west, but the applicant wanted a sign on a bracket, which under the ordinance would be a projecting sign.  Mr. Bartolomeo asked if the existing sign is grand fathered due to the size.  Mr. Irving answered in the affirmative.  Mr. Irving stated that the reason for denial is that this would be a second projecting sign, which only one projecting sign is allowed by the ordinance.  Ms. Sherman asked for public comment; there was none.

**Mr. Colbath made a motion, seconded by Mr. Chalmers, to grant the Appeal from Administrative Decision requested by 36 Kearsarge Road Realty/John and Linda Rafferty/Rafferty's Restaurant & Pub.**  Ms. Sherman asked for Board comment; there was none.  **Motion unanimously defeated.**

*************************************************************************

Adopted:  September 27, 2006 – As Written
CONWAY ZONING BOARD OF ADJUSTMENT – AUGUST 23, 2006

A public hearing was opened at 8:12 pm to consider a **VARIANCE** requested by **36 KEARSARGE ROAD REALTY/JOHN AND LINDA RAFFERTY/RAFFERTY'S RESTAURANT & PUB** in regard to §147.13.7.6.1.6 of the Conway Zoning Ordinance to allow a projecting sign at 36 Kearsarge Road, North Conway (PID 218-102).  Notice was published in the Conway Daily Sun and certified notices were mailed to abutters on Tuesday, August 15, 2006.

Linda Rafferty appeared before the Board. James Yeager, Conway Code Compliance Officer was in attendance.  Ms. Sherman read the application and the applicable section of the ordinance.  Mr. Bartolomeo asked if the existing projecting sign could be relocated to the gable and not be over the sidewalk.  After a brief discussion, it was determined that it could not be moved.

Mr. Colbath asked what is the allowed square footage for a wall sign.  Mr. Yeager answered at least 20 square feet.  After a brief discussion on other locations, Mr. Bartolomeo stated that he could not support another projecting sign.  Mr. Colbath and Mr. Chalmers agreed with Mr. Bartolomeo.  The Board and the applicant agreed to continue the application in order to obtain more information.  The Board is looking for the dimensions of the existing sign, the location of where the existing sign might be moved, research the possibility of a wall sign and the construction proposed next door.

**Mr. Colbath made a motion, seconded by Mr. Chalmers, to continue the Variance requested by 36 Kearsarge Road Realty/John And Linda Rafferty/Rafferty's Restaurant & Pub until September 27, 2006 at 7:30 p.m.  Motion unanimously carried.**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

A public hearing was opened at 8:25 pm to consider an **APPEAL FROM ADMINISTRATIVE DECISION** requested by **LIGHTBOWN HOLDINGS, LLC/BARRY AND DONNA LIGHTBOWN/LICKETY SPLITZ** in regard to §147.13.8.6.7 and §147.15.88 of the Conway Zoning Ordinance to allow two trash barrels to look like ice cream cones at 2252 White Mountain Highway, North Conway (PID 230-13).  Notice was published in the Conway Daily Sun and certified notices were mailed to abutters on Tuesday, August 15, 2006.

Barry Lightbown appeared before the Board.  James Yeager, Conway Code Compliance Officer was in attendance.  Ms. Sherman read the application and the applicable section of the ordinance.  Mr. Lightbown stated that they are trashcans, kids like to use them and they keep trash off the ground.  Mr. Irving stated that this is where staff and the community are held by the literal interpretation of the definition of a sign.  Mr. Bartolomeo stated that he thought the Board at some point made a determination that if there were no words than it wasn't considered a sign.  Mr. Irving read the definition of a sign.

Mr. Chalmers stated that it might be trivial and funny, but can think of a bunch of scenarios.  Mr. Chalmers asked what if L.L. Bean put out trashcans that looked like backpacks, or a restaurant had hamburger trashcans.  Mr. Irving stated the question is are these signs or are they trashcans that look like ice cream cones.  Mr. Yeager stated that the primary purpose is to show that they sell ice cream.  Mr. Lightbown stated that they are trashcans.  Mr. Kellogg stated that it is visual clutter.

Adopted:  September 27, 2006 – As Written
**CONWAY ZONING BOARD OF ADJUSTMENT – AUGUST 23, 2006**

Margaret Hamlin stated that she couldn't imagine someone trying to sell ice cream cone shaped trashcans.  Ms. Hamlin stated that they look nice.  Allan Doucette stated that he thinks they look nice and go with the playground.  Mr. Doucette stated that they are better than a rusty old can.  Mr. Chalmers stated that Mr. Yeager made the right call; while they are attractive and cute, it is advertising a business.  Mr. Bartolomeo stated under the definition of a sign, they are considered a sign.  Mr. Bartolomeo stated that it is too bad as kids like to use them and it is better than better than a rusty can.

**Mr. Colbath made a motion, seconded by Mr. Chalmers, to grant the Appeal from Administrative Decision requested by Lightbown Holdings, LLC/Barry and Donna Lightbown/Lickety Splitz.**  Ms. Sherman asked for Board comment; there was none. **Motion defeated with Mr. Bartolomeo, Ms. Hale, Mr. Chalmers, Mr. Colbath voting in the negative and Ms. Sherman voting in the affirmative.**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

A public hearing was opened at 8:43 pm to consider an **APPEAL FROM ADMINISTRATIVE DECISION** requested by **KATHERINE BRASSILL** in regard to §147.15.88 of the Conway Zoning Ordinance to allow faux signs on new façade at 3440 White Mountain Highway, North Conway (PID 202-14).  Notice was published in the Conway Daily Sun and certified notices were sent to abutters on Tuesday, August 15, 2006.

Mr. Bartolomeo stepped down at this time.  Randy Cooper of Cooper, Deans & Cargill appeared before the Board.  James Yeager, Conway Code Compliance Officer was in attendance.  Ms. Sherman read the application and the applicable section of the ordinance.  Mr. Cooper stated that he does not mind Mr. Bartolomeo voting on this application.  Mr. Bartolomeo stated that he would prefer to step down.    Ms. Sherman appointed Ms. Duane as a voting member.

Mr. Cooper stated that this is a question of where design review ends and signs begin.  Mr. Cooper stated that last October the applicant appeared before the Planning Board and usually staff has signs eliminated from the plans, but in this case nothing was eliminated from the plans and the Planning Board approved the façade.  Mr. Cooper stated that this is a hotel with decorative features showing what would be in a small New England village.  Mr. Cooper stated when the Planning Board approved the façade it in fact made a decision that this was not a sign, but a decorative feature.  Mr. Cooper stated if the Code Enforcement Officer or anyone else disagreed with this decision they had 30 days to appeal the decision.

Mr. Cooper stated that he does not believe the applicant needs to be here, but we are here and it is a question of whether these are signs under the definition and require a sign permit.  Mr. Cooper stated that a façade is a deceptive front and the decorative signs are not announcing the purpose of any person or entity, but are a part of the architectural rendering.  Mr. Cooper stated that this is a false front that looks like a village and the question is are these signs.  Mr. Cooper stated that the definition of a sign is unconstitutionally vague and other than painting a building white with black shutters, it would be considered a sign.  Mr. Cooper stated that the applicant should not be here, but since they are, these are not signs.

Ms. Sherman asked Mr. Yeager if this is for the signage on the façade.  Mr. Yeager answered in the affirmative.  Mr. Irving stated that Mr. Cooper made reference to the usual and customary procedure that the Planning Board never made decisions relative to signs.  Mr. Irving stated that

this is based fundamentally on the enforcement provisions of the zoning ordinance. Mr. Irving read §147-6, which states that the Board of Selectmen or their designee enforces it and their designee would be Mr. Yeager, himself and occasionally the Building Inspector and not the Planning Board.

Mr. Irving stated that the façade was conceptual and was not constructed to those plans. Mr. Irving stated the applicant should be held to them if the town is to be held to them. Mr. Irving stated that the conceptual plans showed a theme and what they constructed follows that theme, but the plans did not represent in the theme roof signs. Mr. Irving stated that the plans show some signs, conceptual in nature to the theme, and if they could be permitted it would be all right, but what was presented to the Planning Board was not constructed is not permitted by the Zoning Ordinance. Mr. Irving stated that the Planning Board does not regulate signage.

Mr. Irving stated if there were discussion regarding the signs at the Planning Board level as his usual and customary procedure he would have indicated to the Board that they do not regulate signage. Mr. Cooper stated Ms. Brassill would testify that the signage was discussed at the Planning Board meeting. Mr. Cooper stated there is no doubt in his mind since they were on the plan and were approved that the Planning Board considered them as architectural features. Mr. Cooper asked do these signs in fact fall within that definition, they might, but the applicant is saying these are architectural features of a false village and are not advertising Adventure Suites. Mr. Cooper stated that the Planning Board was considering this to be a false façade. Mr. Cooper stated that the plans are conceptual, but the applicant followed the theme.

Ms. Sherman stated there is a difference between the signs on a building identifying a theme than the sign over the main portion indicating Adventure Suites. Ms. Sherman stated that this goes back to the definition of a sign and where we were with the last application. Mr. Chalmers stated that this is different from the last application as there is not a Black Smith shop behind one of the doors. Mr. Chalmers stated that it is a false front with decorative features rather than a sign. Mr. Irving stated that he has no objection if the Board makes a finding that these are not signs; his objection is that the Planning Board has already approved them.

Ms. Duane stated that signs advertise a business and the applicant is not in the banking business. Ms. Duane stated that these are more of an accent. Ms Duane stated if they had an Adventure Suites Banking Quarters then it would have been picked up on. Mr. Bartolomeo stated that the same strict interpretation for the previous application is not necessary for this application as these are not signs since they do not advertise what is behind the walls.

Mr. Cooper stated there are two signs that do say Adventure Suites that are being removed. Mr. Chalmers asked if any of the architectural details are lit. Mr. Cooper answered in the negative. Ms. Hale stated that the theme thing is up and coming and what if the Hard Rock Café wants motorcycles, but they don't sell motorcycles. Mr. Cooper stated that this is a reactive town and hope it doesn't get overreaction. Mr. Colbath stated that it is so New England it is sickly, plus the decorative elements have made it through the Planning process. Mr. Colbath stated if the signs were to be removed the building would look ridiculous.

Ms. Sherman asked for public comment; Jean Jones of Mountain View Gifts stated that without the signs the building would look ridiculous. Ms. Jones stated that the signs make it a quaint little village and she thinks it looks great. Margaret Hamlin stated that the building looks great.

Adopted:  September 27, 2006 – As Written
**CONWAY ZONING BOARD OF ADJUSTMENT – AUGUST 23, 2006**

Robert Waldo stated he thinks the building looks great and he feels the signs were already approved.  Mr. Waldo stated that the applicant is constructing what she said she would and is not trying to deceive anyone.

Patrick Armstrong stated that it is a tough call, but the signs are decorations that look like signs.  Alan Doucette stated that he works at Adventure Suites and the building is not close to being finished.  Mr. Doucette stated that the owner never does anything half way and people stop by and praise what has been done.

**Mr. Colbath made a motion, seconded by Mr. Chalmers, to grant the Appeal from Administrative Decision requested by Katherine Brassill.**  Ms. Sherman asked for Board comment; there was none.  **Motion unanimously carried.**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

A public hearing was opened at 9:28 pm to consider a **VARIANCE** requested by **KATHERINE BRASSILL** in regard to §147.15.88 of the Conway Zoning Ordinance to allow faux signs on new façade at 3440 White Mountain Highway, North Conway (PID 202-14).  Notice was published in the Conway Daily Sun and certified notices were sent to abutters on Tuesday, August 15, 2006.

Randy Cooper of Cooper, Deans & Cargill appeared before the Board.  James Yeager, Conway Code Compliance Officer was in attendance.  Mr. Cooper withdrew the application.

**REVIEW AND ACCEPTANCE OF MINUTES**

**Mr. Colbath made a motion, seconded by Mr. Chalmers, to approve the Minutes of July 26, 2006 as written.  Motion unanimously carried.**

Meeting adjourned at 9:30 pm.

Respectfully Submitted,


Holly L. Meserve
Planning Assistant