UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

---

SEAN YOUNG, FOREVER YOUNG
BAKERIES LLC; and FOREVER YOUNG
PROPERTIES LLC,

        *Plaintiffs*,

vs.

TOWN OF CONWAY, NEW HAMPSHIRE

        *Defendant.*

Civil No. 1:23-cv-00070-JL

---

## JOINT NOTICE TO THE COURT REGARDING THE PARTIES' FEBRUARY 8 CONFERENCE AND UPCOMING ELECTION

The parties submit this joint notice to update the Court on the parties' agreed-upon next steps in the case regarding Leavitt's Country Bakery.

On February 8, 2023, the parties met to confer as to how this matter should proceed given the stipulation and an upcoming election that could affect the need for further litigation.

The genesis of this controversy was the Town's determination that under its definition of "sign," the painting above Leavitt's entrance was not a mural, but instead had to comply with the size and other restrictions in the Town's sign code. But a petition to change that definition of "sign" will now be before the voters after garnering enough signatures to be submitted as a "warrant article." The vote on

that article will take place on April 11, 2023, and the period for requesting a recount will end on April 18.

Should the warrant article pass, the definition of "sign" under which the Town took action against Plaintiffs, and upon which the complaint in this action is based, will be no more. At that point, the Town will have to decide if Leavitt's current mural remains a "sign" under the new definition. It will also need to determine if other similar murals designed and painted by the local high school art class would likewise be "signs" if displayed on Leavitt's façade. Should the Town determine that neither the current mural nor similar future murals would be "signs," that would likely resolve the controversy between the parties.

Accordingly, the parties agree that the best course of action is to stay proceedings for 90 days. This will allow for the election to occur and, should the warrant article pass, for the determinations discussed in the previous paragraph to be made by the Town. Two weeks before the end of the stay period, the parties would then advise the Court about the need for further litigation. Should litigation continue to be necessary at that point, the parties believe there would likely be few or no contested issues of material fact, such that they could conduct limited discovery and then submit motions for summary judgment for the Court's consideration.

We hope that this path forward is amenable to the Court. The parties stand ready to submit a joint motion requesting the above-described stay should the Court feel it necessary. Should the Court have any questions, the parties stand by to answer them. Counsel thanks the Court for its time and attention to this case.

RESPECTFULLY SUBMITTED this 10th day of February 2023,

/s/ John M. Crabbs, II
John M. Crabbs, II (NH Bar No. 275043)
COOPER CARGILL CHANT, P.A.
2935 White Mountain Highway
North Conway, NH 03860-5210
603-450-5000
jcrabbs@coopercargillchant.com

/s/ Robert Frommer
Robert Frommer (VA Bar No. 70086)*
Elizabeth Sanz (CA Bar No. 340538)*
INSTITUTE FOR JUSTICE
901 N. Glebe Rd., Ste. 900
Arlington, Virginia 22203
(703) 682-9320
rfrommer@ij.org
bsanz@ij.org

*Counsel for Plaintiffs*
*Admitted Pro Hac Vice*

/s/ Brooke Lovett Shilo
Brooke Lovett Shilo; NHBA #20794
Upton & Hatfield, LLP
10 Centre Street; PO Box 1090
Concord, NH 03302-0190
(603) 224-7791
bshilo@uptonhatfield.com

/s/ Jason B. Dennis
Jason B. Dennis; NHBA #19865
Hastings Law Office, P.A.
PO Box 290
Fryeburg, ME 04037
(207) 935-2061
jdennis@hastings-law.com

/s/ Russell F. Hilliard
Russell F. Hilliard; NHBA #1159
Upton & Hatfield, LLP
159 Middle Street
Portsmouth, NH 03801
(603) 436-7046
rhilliard@uptonhatfield.com