UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| SEAN YOUNG, FOREVER YOUNG BAKERIES LLC; and FOREVER YOUNG PROPERTIES LLC, <br><br> *Plaintiffs*, <br><br> vs. <br><br> TOWN OF CONWAY, NEW HAMPSHIRE <br><br> *Defendant.* | Civil No. 1:23-cv-00070-JL |

### OBJECTION TO THE PLAINTIFFS' MOTION FOR LEAVE TO AMEND THE WITNESS LIST AND TO ALLOW THE PROPOSED ADDITIONAL WITNESS TO TESTIFY VIRTUALLY

The Town of Conway, New Hampshire (the "Town"), objects to the plaintiffs' motion for leave to amend the witness list and to allow the proposed additional witness to testify virtually, on the following grounds:

1. The Town objects to Young calling Ms. Benish because she was not timely disclosed pursuant to the Court's order. Moreover, her testimony is irrelevant.

2. In Young's motion, he explains that Ms. Benish should be permitted to testify as a rebuttal witness because: (1) the Town only disclosed its intent to use text messages between Ms. Benish and Mr. Young on Friday, January 31st; and (2) her rebuttal testimony is necessary for her to explain what she meant in the text messages.

3. First, the text messages that the Town intends to introduce are not hearsay.

1



Young 127-128. The gray bubble indicates the message sent by Olivia Benish. The blue bubble indicates the message sent by Sean Young. These messages were produced by Young in discovery.

4. The messages are not hearsay because an opposing party's statement, *see* Fed. R. Civ. P. 801(d)(2)(A), or a statement that the party "manifested that it adopted or believed to be true," *see* Fed. R. Civ. P. 801(d)(2)(B), is not hearsay. Here, by replying "For Sure! Great idea 😊," Mr. Young adopted Ms. Benish's statement.

5.     Moreover, the First Circuit is clear that statements offered to place a defendant's admission into context are also not hearsay. *United States v. Walter*, 434 F.3d 30, 34 (1st Cir. 2006); *United States v. McDowell*, 918 F.2d 1004, 1007-1008 (1st Cir. 1990).

6.     Since Ms. Benish's statements are not being offered for the truth of the matter, Ms. Benish's understanding of what the text messages mean, and therefore her testimony, is irrelevant. Only Mr. Young's understanding of their meaning is relevant. Mr. Young will testify at trial and can explain his understanding of Ms. Benish's message, and therefore, the meaning of his adoption of them.

7.     Second, the litigation history Young recites – not deposing Ms. Benish, not mentioning her in Summary Judgment filings, and not listing every piece of evidence in the parties' joint statement of facts – does not preclude a party from introducing timely identified exhibits that are admissible evidence at trial.

8.     The parties worked collaboratively to put together a joint exhibit list, and because of this, Young was on notice that the Defendant intended to introduce the text messages approximately five days before witness lists were due. There is no excuse for Young's untimely disclosure of Ms. Benish as a witness.

9.     Finally, Young requests that Ms. Benish be permitted to testify virtually. The Town objects to this request because, should Ms. Benish testify, the Town believes that there will be issues of witness credibility. Because Ms. Benish's credibility will be at issue, the Town believes that it is important for Ms. Benish to testify live, in the courtroom, before the Court.

Respectfully submitted,

**Town of Conway, New Hampshire,**

By its Counsel,

**UPTON & HATFIELD, LLP**

Date: February 10, 2025      By:   /s/ Russell F. Hilliard
Russell F. Hilliard; NHBA #1159
159 Middle Street
Portsmouth, NH 03801
(603) 436-7046
rhilliard@uptonhatfield.com

Brooke Lovett Shilo; NHBA #20794
Madeline K. Matulis; NHBA #276135
Upton & Hatfield, LLP
10 Centre Street
Concord, NH 03302-1090
(603) 224-7791
bshilo@uptonhatfield.com
mmatulis@uptonhatfield.com

**HASTINGS LAW OFFICE, P.A.**

By:   /s/ Jason B. Dennis
Jason B. Dennis; NHBA #19865
PO Box 290
Fryeburg, ME 04037
(207) 935-2061
jdennis@hastings-law.com

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was this day forwarded to all counsel of record through the Court's electronic filing system.

/s/ Russell F. Hilliard
Russell F. Hilliard